United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60056
Summary Calendar

ALICIA COBAN DIXON-BUSH; TANISHA NICOLE DIXON-BUSH,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of a Decision of
the Board of Immigration Appeals
BIA No. A98 120 110
BIA No. A98 120 111
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Alicia Coban Dixon-Bush and her minor daughter Tanisha Nicole Dixon-Bush (hereinafter referred to as the petitioners) have filed a petition for review of a final order of the Board of Immigration Appeals (BIA) affirming the denial of their motion to reopen their removal proceeding as untimely. The petitioners were ordered removed in absentia when they failed to appear at the immigration hearing.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As an initial matter, because the petitioners did not file a petition for review from the BIA's order denying their motion to reconsider, we lack jurisdiction to address that denial. See Stone v. INS, 514 U.S. 386, 394 (1995).

The decision to reopen proceedings is a discretionary decision, and this court applies a highly deferential abuse-of-discretion standard when reviewing the BIA's denial of a motion to reopen. Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). An in absentia order of removal may be rescinded upon a motion to reopen filed within 180 days after the date of the order of removal, if the alien demonstrates that the failure to appear was because of exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C).

Petitioners argue that former counsel's ineffective assistance entitles them to tolling of the period for filing their motion to reopen. Even if we assume without deciding that such tolling is available to the petitioners, they still have not shown that they are entitled to it. The record does not show that the petitioner filed an appropriate complaint in relation to counsel's alleged deficiencies as required by In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). As the petitioners failed to comply with the Lozada requirement of filing a complaint against counsel, this court should reject their equitable-tolling argument on this basis. See Lara, 216 F.3d at 496. Thus, in the absence of tolling, the motion to reopen, filed more than 180 days after the entry of the absentia removal order, was untimely.

Accordingly, the BIA did not abuse its discretion in denying the motion.  See Lara, 216 F.3d at 496.  The petitioners' petition for review is DENIED.